[No. E054800. Fourth Dist., Div. Two. Jan. 25, 2013.]

DAWN MOORE, Plaintiff and Respondent, v.
MAURICE CLEMENT BEDARD, JR., Defendant and Respondent;
RIVERSIDE COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,
Movant and Appellant.

**COUNSEL**

John Replogle, Edward McCue and Hirbod Rashidi for Movant and Appellant.

No appearance for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

**OPINION**

**RICHLI, J.**—On August 18, 2011, the family law court dismissed this entire family law action, finding it had lost jurisdiction over the case.

Riverside County Department of Child Support Services (the Department), the party opposing dismissal, appeals, contending that the family law court retained jurisdiction to make support orders.[1]

I

FACTS

On July 31, 2006, plaintiff Dawn Moore filed a request for a domestic violence prevention order on Judicial Council form DV-100. The request asked the court to protect her from defendant Maurice Clement Bedard, Jr., the father of their three children.

In the request, plaintiff also requested the court to order child custody, visitation, and/or child support. As form DV-100 requires, she did so by filing Judicial Council form DV-105, formerly entitled "Child Custody, Visitation and Support Request." In that form, she requested that a prior child custody order, entered in August 2002, be modified. She also requested child support.

A hearing on the request for a temporary restraining order was held on August 22, 2006. The parties presented a stipulation to the court. The court approved the stipulation and ordered it to be filed. At plaintiff's request, any temporary restraining orders were dissolved.[2]

The stipulation also resolves other issues between the parties, including child support and other monetary issues. The court found that the stipulation was in the best interests of the minor children and that the needs of the children would be met by payments in accordance with the stipulation. It also noted that there had been no application for cash aid from the county.

In 2009, the Department filed a substitution of payee form (Judicial Council form FL-632), designating it as the payee of child support. In 2010

---

[1] The other parties to the case, Dawn Moore and Maurice Clement Bedard, Jr., have not appeared on appeal.

[2] The stipulation recites that the temporary restraining order was never served on defendant.

and early 2011, various enforcement actions, including a bank levy, were undertaken, and several hearings were held.

On March 30, 2011, defendant filed a request for a hearing to modify child support. The order to show cause was set for May 19, 2011. Income and expense declarations were filed by both parties.

On May 19, 2011, a hearing was held on an order to show cause regarding · modification of visitation and child support and a change of venue. On the restraining order issue, the minutes state: "Court notes: There are no pending restraining orders in this case. This case has been dismissed." On the child support issue, the court referred the parties to the Department for modification of child support. The minute order then states, "Entire action is ordered dismissed."

On June 16, 2011, the Department filed a motion to vacate the order dismissing the action. The motion recites that defendant was claiming there was no valid support order because the entire action had been dismissed. The Department objected because there was no noticed motion seeking dismissal of the action. Hearing was set for August 17, 2011.

On August 18, 2011, hearing was held on the motion. The court found that it had lost jurisdiction over the matter on August 27, 2006, because the court had not issued the requested restraining order. It therefore voided the stipulation and orders filed on August 20, 2010. The court further found that, although the issue of child support was properly raised in the request for a restraining order, the court lost jurisdiction to make a child support order because it did not issue a restraining order. Accordingly, the court again dismissed the action over the objections of the Department.

At the hearing, the trial court explained that, because there had never been a restraining order issued after hearing, the case had been dismissed by operation of law, and the court therefore had no jurisdiction to continue to make support orders. It concluded by saying: "The problem is that once the underlying cause of action goes away, I don't believe that the Court has jurisdiction to make further orders when the [underlying] cause of action has been dismissed by operation of law."

The trial court also set aside the order of dismissal made on May 19, 2011, on grounds that the Department was not represented at the hearing.

## II

## ISSUE

The sole issue presented on appeal is whether the failure to issue a requested restraining order when a child support determination has also been properly requested deprives the family law court of jurisdiction to make subsequent child support orders. Or, as the trial court framed the issue, whether the court " 'continues to have jurisdiction to make child support orders even if the underlying restraining order hasn't been granted.' "

## III

## DISCUSSION

■ Family Code section 200 states, "The superior court has jurisdiction in proceedings under this code."[3] Section 290 provides that an order made pursuant to the Family Code may be enforced "by any other order as the court in its discretion determines from time to time to be necessary."

■ Domestic violence restraining orders are issued pursuant to the Domestic Violence Prevention Act. (Section 6200 et seq.) A "protective order" is defined in section 6218 as an order issued under sections 6320, 6321, and 6322. Judicial Council forms, including forms DV-100 and DV-105, are required to be used when requesting protective orders and other relief. (§§ 211, 6221, subd. (c).)

Section 6340 gives the court discretion to issue any of the orders stated in sections 6320, 6321, or 6322 after notice and hearing. It specifically provides, "If the court makes any order for custody, visitation, or support, that order shall survive the termination of any protective order." (§ 6340, subd. (a).)

We agree with the Department that this provision is dispositive here. The court signed and filed a temporary restraining order on August 1, 2006. The temporary restraining order included child custody and visitation orders on Judicial Council form DV-140.

Although the temporary restraining order was never served, it was terminated when the court approved the stipulation of the parties at the August 22, 2006, hearing. As part of the stipulation, plaintiff agreed to drop her request for a temporary restraining order, and she dropped all allegations against defendant. Accordingly, the temporary restraining order was "dissolved." By

---

[3] Unless otherwise indicated, all further statutory references are to the Family Code.

approving the stipulation, the court also made an order for support, and that order survived termination of the protective order. (§ 6340, subd. (a).)

Section 6341, subdivision (a) also provides for the issuance of child support and maintenance orders when a protective order is issued after a hearing under section 6340. This section is the basis for a request for such orders on Judicial Council form DV-105. Thus, the action of the court in ordering child support as stipulated was entirely proper. As the Department notes, section 155 defines support orders broadly: " 'Support order' means a judgment or order of support in favor of an obligee, whether temporary or final, or subject to modification, termination, or remission, regardless of the kind of action or proceeding in which it is entered." The stipulated orders here were clearly support orders under this definition.

We therefore conclude that the court erred in dismissing the action for lack of jurisdiction. As described above, the court had jurisdiction to make child support orders, and such jurisdiction survived the "dissolution" of the temporary restraining order. (§§ 200, 290, 6340, subd. (a).) Specifically, the court had continuing jurisdiction to make child support orders even though the restraining order was not granted.

## IV

## DISPOSITION

The trial court's order of August 18, 2011, which dismissed the entire action for lack of jurisdiction, is reversed. In the interests of justice, each side shall bear its own costs on appeal.

McKinster, Acting P. J., and King, J., concurred.